**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE No. 8:17-cv-02531-VMC-AAS**

| | |
|---|---|
| **LIUBERT MACHADO and ILEANA ACOSTA,** : <br> : <br> Plaintiffs, : <br> : **PLAINTIFFS' RESPONSE TO DEFENDANT'S** <br> v. : **MOTION FOR SUMMARY JUDGMENT** <br> : <br> : <br> **BANK OF AMERICA, N.A.,** : <br> : <br> Defendant. | |

## I.     Introduction

Plaintiffs' Complaint chronicles the clandestine and secretive scheme employed by Bank of America ("BOA") to wrongfully deny HAMP Modifications to homeowners. Plaintiffs' home was foreclosed on March 25, 2013. Plaintiffs should not have faced foreclosure. Instead, Plaintiffs' Complaint makes clear that they were eligible for and should have a received a HAMP Mortgage Modification, a modification that would have saved their home. Defendant's Motion to Dismiss mischaracterizes Plaintiffs' injury as being in default on his home loan. Plaintiffs' injury, however, is the foreclosure of their home. In this case, the foreclosure occurred because BOA lied to Plaintiffs about the requirements for a HAMP modification. As discussed below, Plaintiffs called BOA with the intention of making payments on their loan, but they were falsely told they needed to be behind on their mortgage in order to qualify for a HAMP modification.  It was this statement that ultimately resulted in foreclosure. Further, BOA brought this motion prematurely, before adequate discovery has been conducted.  There is a genuine issue of material fact that exists as to whether the statements made by BOA led to Plaintiffs' foreclosure, and therefore, the Motion for

Summary Judgment should be denied.

## II. Legal Standard

Summary judgment is only appropriate when the evidence, viewed in the light most favorable to the nonmoving party, "shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56 (a). Summary judgment cannot be granted "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts[ ] and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). Further, when there is sufficient, competent evidence present to support plaintiff's version of the disputed facts, the court will resolve the disputes in favor of the plaintiff. *See Pace v. Capobianco*, 283 F.3d 1275, 1276 (11th Cir. 2002).

## III. Argument

### a. Defendant's Motion for Summary Judgment is Premature and should be denied.

As Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." *Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996) (citing *Snook v. Trust Co. of Georgia Bank*, 859 F.2d 865, 870 (11th Cir.1988)); *see also McCallum v. City of Athens*, 976 F.2d 649, 650 (11th Cir.1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery. Moreover, "[t]he whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits." *Parrish v. Board of Commissioners of the Alabama State Bar*, 533 F.2d 942, 948 (5th Cir. 1976). Therefore, out of fairness, "summary judgment may only be decided upon an adequate record." *WSB–TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir.1988).

Discovery has only just begun. Thus far, while counsel for the Plaintiffs have requested and noticed a 30 (B)(6) Representative in other factually identical cases assigned to other judges, no depositions have taken place.  The only discovery responses Bank of America has provided in other cases factually identical assigned to other judges, are replete with redactions and BOA has objected to Plaintiff's Interrogatories to Defendant, Plaintiff's Request for Production of Documents and Requests for Admission.  These objections are subject to a pending Motion to Compel Better Discovery Responses currently pending in the *Merryday* Court. See Doc 44-1 in *Juan Jesus Acosta v Bank of America,* NA Case. No. 8:17-cv-02592-SDM-AAS. Plaintiff's discovery requests are not being served until the *Merryday* Court issues its rulings on BOA's objections. By bringing this motion so prematurely, BOA has shown blatant disregard for Plaintiff's discovery rights and has wasted the court's time. As the above case law demonstrates, the Eleventh Circuit's position is clear, and the Motion for Summary Judgment should be denied.

    **b. A genuine dispute of material fact exists, requiring the motion for summary judgment to be denied.**

BOA's only argument consists of the claim that Plaintiffs cannot prove causation because Plaintiffs were in default prior to the date stated in the Complaint that alleges when they were instructed to be in default. This argument mischaracterizes Plaintiffs' claim. In a simple cause and effect analysis, Plaintiffs and BOA agree that the *cause* is the statements made by BOA's representatives. However, the *effect* is not the default, as BOA suggests, it is the foreclosure. Simply put, Plaintiffs were eligible for a HAMP modification, and because of BOA's fraudulent actions, they did not receive one, ultimately leading to the foreclosure of their home.  Plaintiffs were told they could not be current on their mortgage, and, as the allegations in the Complaint state, the "statements were specifically designed by BOA to set Plaintiffs up for foreclosure." Compl. ¶ 38. The fact that Plaintiffs were in default at the time of the phone call is irrelevant

because it was BOA's statements that stopped Plaintiffs from getting out of default, and that statement is what ultimately led to their injury—foreclosure.

The declaration of Plaintiff, Liubert Machado, attached in support of Plaintiffs' Response to the Motion for Summary Judgment states that when he called Bank of America on or about January 7, 2010, he was capable of and intended to start making payments again. However, he was told not to start making additional payments. *See* ¶ 5, Exhibit A. In fact, he was told that he could not be current on the mortgage in order to qualify for a HAMP modification. This statement was false, but he relied on that statement, and from that point forward, he did not make any future mortgage payments. *Id.* Mr. Machado further stated that when he called, he "fully intended to get [BOA] loan to current status," but instead, he relied on the directions provided to him by the BOA representatives mentioned in the complaint. *Id.* at ¶ 6. If Plaintiff had ignored the statements of BOA's representative and worked to become current on his loan, he would never have faced foreclosure. Therefore, viewing the evidence in the light most favorable to the plaintiff, which the Court is required to do, the statements by BOA representatives could very well have been the cause of Plaintiffs' foreclosure. At the very least, this affidavit creates a question of fact that should be decided by a jury. *Atkins v. Humes*, 110 So.2d 663 (Fla.1959) (holding that conflicting testimony regarding causation establishes a question of fact for the jury).

Plaintiffs have presented ample evidence to suggest that the statements made by BOA representatives caused them to face foreclosure. This evidence must be viewed in the light most favorable to Plaintiffs. Fed. R. Civ. P. 56 (a). There is a genuine issue of material fact that exists as to whether the statements made by BOA caused Plaintiffs' foreclosure. Thus, the Motion for Summary Judgment should be denied.

### IV. Conclusion

BOA brought its Motion prior to adequate discovery being conducted, demonstrating a blatant disregard for Plaintiffs' discovery rights and the Court's time. Further, Plaintiffs have presented evidence that demonstrates a genuine issue of material fact as to whether BOA's statements caused the foreclosure. Accordingly, Defendant's Motion for Summary Judgment should be **DENIED**.

Dated:  July 2, 2018

                                         */s/  John W. Adams, Jr.*
                                         JOHN W. ADAMS, JR., ESQ.
                                         Florida Bar No. 0050127
                                         Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I, John W. Adams, Jr., hereby certify that the foregoing document, filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 2, 2018.

                                         */s/  John W. Adams, Jr.*
                                         JOHN W. ADAMS, JR., ESQ.
                                         Florida Bar No. 0050127
                                         Attorney for Plaintiffs
                                         Adams Law Association, PA
                                         1074 Bloomingdale Ave.
                                         Valrico, FL 33596
                                         Telephone:  (813) 662-7788
                                         Facsimile:  (813) 662-7799
                                         jadams@adamslawassociation.com
                                         paralegal@adamslawassociation.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LIUBERT MACHADO and ILEANA ACOSTA, | : : : |
| Plaintiffs, | : : 8:17-cv-02531-VMC-AAS |
| v. | : : |
| Bank of America, N.A., | : : |
| Defendant. | : |

## DECLARATION OF LIUBERT MACHADO

I, Liubert Machado, in support of the Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment, makes this declaration:

1. I am over the age of 18, am competent to testify to the following based on my own personal knowledge.

2. Bank of America, N.A. serviced the loan and home mortgage for the property located at 7206 Chadsford Court, Tampa, Hillsborough County, Florida under loan number 117277916.

3. After experiencing financial hardship, due in part to the state of the economy and my own personal financial obligations, I had no ability to pay my mortgage payment and defaulted on the mortgage.

4. In 2009, after receiving letters from Bank of America, NA inviting me to apply for a HAMP Loan Modification as well as seeing advertisements in the media, I called Bank of America, NA to receive help and start making mortgage payments through the HAMP Program.

5. To the best of my knowledge, I called Bank of America, NA sometime around January 7, 2010 and notified them that I was capable of and intended to start making my mortgage payments. That same day, I was advised by Bank of America loan representative, Mary, to refrain from making my regular mortgage payment. I was told that I could not be current on my mortgage in order to qualify for a HAMP loan modification.

EXHIBIT A

6. Even though I fully intended to get my Bank of America, NA loan to current status, and communicated such intentions, I followed and relied upon the directions provided to me by Bank of America NA loan representative, Mary, and stayed in default status in order to qualify for a HAMP Loan Modification.

7. Only after meeting with my attorneys on July 30, 2016 did I learn that these statements made by Bank of America, NA were false, fraudulent and I suffered a foreclosure and judgment to my detriment.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

_____          06-21-2018
**Liubert Machado**                                   Date
**Declarant**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me this 21 day of June, 2018, by Liubert Machado and who is personally known to me or who produced DL #, M230-520-74-143-0 as identification.

_____
Printed Name: Melissa Ofelia Gonzalez
Notary Public – State of Florida
My Commission Expires: 9/02/19

MELISSA OFELIA GONZALEZ
Commission # FF 915291
My Commission Expires
September 02, 2019

Adams Law Association, P.A.
1074 Bloomingdale Avenue
Valrico, Florida 33596
(813) 662-7788 | (813) 662-7799 Fax