UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIUBERT MACHADO, and
ILEANA ACOSTA,

    Plaintiffs,

v.                    Case No.: 8:17-cv-2531-T-33AAS

BANK OF AMERICA, N.A.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Bank of America, N.A.'s Motion for Summary Judgment (Doc. # 39), filed on June 18, 2018. Plaintiffs Liubert Machado and Ileana Acosta responded on July 2, 2018. (Doc. # 40). Bank of America replied on July 10, 2018. (Doc. # 43). For the reasons that follow, the Motion is denied as premature.

## I.    Background

An in-depth history of this case and the events that preceded its initiation is not necessary at this juncture. Suffice it to say that this case was initiated on October 30, 2017, after Plaintiffs were severed from an action brought by over 70 plaintiffs against Bank of America. (Doc. # 1). On March 7, 2018, Plaintiffs filed their Amended Complaint, asserting a single common law fraud claim against Bank of

1

America related to Bank of America's administration of the Home Affordable Modification Program ("HAMP"). (Doc. # 26).

The Amended Complaint alleges Bank of America committed four fraudulent acts: (1) falsely telling Plaintiffs that "they can't be current on their mortgage to qualify for a HAMP loan modification" and failing to tell Plaintiffs that they could qualify for HAMP if default was reasonably foreseeable ("HAMP Eligibility Claim"); (2) falsely telling Plaintiffs the requested supporting financial documents Plaintiffs had submitted to BOA were missing ("Supporting Documents Claim"); (3) falsely telling Plaintiffs that they were approved for a HAMP modification and needed to start making trial payments ("HAMP Approval Claim"); and (4) fraudulently omitting how inspection fees charged to Plaintiffs' account would be applied ("Inspection Fee Claim"). (Id. at ¶¶ 38, 41, 48, 55).

Bank of America moved to dismiss the Amended Complaint on numerous grounds. (Doc. # 33). The Court granted that motion in part and denied it in part on May 15, 2018, and held that Plaintiffs' fraud claim could only proceed as to the HAMP Eligibility Claim. (Doc. # 37).

On June 18, 2018, Bank of America moved for summary judgment on that claim, arguing Plaintiffs cannot prove the

reliance necessary to establish fraud. (Doc. # 39). Bank of America emphasizes that Plaintiffs were, in fact, in default on their mortgage when they spoke with the Bank of America representative who allegedly failed to inform Plaintiffs that they could be eligible for a HAMP modification even if default was merely imminent. (Id. at 6-7). In their response, Plaintiffs urge that the Motion for Summary Judgment should be denied as premature because "[d]iscovery has only just begun." (Doc. # 40 at 3). Bank of America has replied, (Doc. # 43), and the Motion is now fully briefed.

Subsequently, after briefing on the Motion closed, Plaintiffs moved for a two-week extension of the discovery deadline. (Doc. # 44). On July 31, 2018, the Court granted Plaintiffs' motion and extended the discovery deadline to August 14, 2018. (Doc. # 45).

## II. **Analysis**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). As stated in Blumel v. Mylander, 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts

3

should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has determined that "summary judgment may only be decided upon an adequate record." <u>Snook v. Trust Co. of Ga. Bank</u>, 859 F.2d 865, 870 (11th Cir. 1988).

The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

<u>Id.</u> at 870 (internal citations omitted).

Plaintiffs insist that they have not had a meaningful opportunity to develop the facts through discovery. In their response, they note that "no depositions ha[d] taken place" at that time. (Doc. # 40 at 3). Additionally, Plaintiffs emphasize that Bank of America has objected to the interrogatories served in many of the factually indistinguishable cases pending in this Court, such that the

plaintiffs in another case have filed a motion to compel better responses. According to Plaintiffs, their "discovery requests are not being served until the [other] court issues its rulings on [Bank of America's] objections." (Id.). And, the Court recently extended the discovery deadline by two weeks at Plaintiffs' request. (Doc. # 45).

Upon due consideration, the Court determines that Bank of America's Motion for Summary Judgment should be denied as premature so that Plaintiffs will have adequate time for discovery. "If the Court were to rule on the merits of [Bank of America's] motion, such ruling would frustrate the [Plaintiffs'] right to factually investigate." Blumel, 919 F. Supp. at 429. Bank of America may file another motion for summary judgment after the close of discovery. See Royal Oak Enters., LLC v. Nature's Grilling Prods., No. 1:10-cv-2494-JEC, 2011 U.S. Dist. LEXIS 133856, at *9 (N.D. Ga. Nov. 21, 2011)("Depending on the evidence that is developed during discovery, defendant may ultimately prevail on its motion for summary judgment. However, at this stage in the litigation, the motion is clearly premature.").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Bank of America, N.A.'s Motion for Summary Judgment (Doc. # 39) is **DENIED** as premature.

(2) Bank of America may file another motion for summary judgment after the close of discovery.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of August, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE